# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Maurice Stephens,

   Petitioner,

v.

United States of America,

   Respondent.

Case No. 1:11cr136-7
Case No. 1:16cv832

Judge Michael R. Barrett

## ORDER

This matter is before the Court on Petitioner Maurice Stephen's: 1) Motion to Abate for Lack of Subject Matter Jurisdiction (Doc. 267); 2) Petition to Dismiss for Lack of Personam Jurisdiction, Lack of Standing "Habeas Corpus Relief" (Doc. 269); 3) Motion to Dismiss (Doc. 286); 4) Motion for Miscellaneous Relief (Doc. 288); and 5) Motion to Vacate under 28 U.S.C. 2255 (Doc. 297), and the responsive memoranda thereto. Petitioner also filed a Motion for Appointment of Counsel related to his latest §2255 motion (Doc. 305).

## I. BACKGROUND

Petitioner pled guilty to conspiracy to possess with intent to distribute more than one kilogram of heroin. (Doc. 119). On April 11, 2012, he was sentenced to 120 months imprisonment and five years of supervised release. (Doc. 234). On June 21, 2016, however, this Court granted a subsequent motion to reduce his sentence thereby reducing his sentence to 76 months imprisonment. (Doc. 277). Petitioner did not appeal his conviction or otherwise appeal his sentence.

## II. STANDARD

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of

constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

Petitioner is proceeding *pro se*. Because each of Petitioner's motions attack the constitutionality of his conviction or his sentence in some capacity, the Court reviews his motions under the scope of § 2255, regardless of the "inventive captioning" of some of Petitioner's motions. *See e.g., Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012). Generally, before a second or successive § 2255 motion may be filed in the district court, a federal prisoner must file a motion in the court of appeals as provided in 28 U.S.C. § 2254(b). Here, however, the Court finds that Petitioner's numerous motions are not second or successive petitions under 28 U.S.C. § 2255(h), as they were filed before the adjudication of the initial § 2255 motion was complete. *Clark v. United States*, 764 F.3d 653, 658-59 (6th Cir. 2014).

However, a motion to vacate, pursuant to 28 U.S.C. § 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a § 2255 motion and will be considered procedurally barred. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). If a claim could have been raised on direct appeal, the Court considers it for the first time in a § 2255 motion only if the petitioner shows: 1) cause and actual prejudice to excuse his failure to raise the claim previously; or 2) that he is "actually innocent" of the crime. *Ray*, 721 F.3d at 761 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998).

### III.     ANALYSIS

**1.  Motion to Abate for Lack of Subject Matter Jurisdiction (Doc. 267)**

Petitioner argues he was not notified of a grand jury being seated to investigate him.

Therefore, he argues the "claim" against him should be dismissed because he "did not have the opportunity to challenge the jury pool or individual jurors seated on the grand jury as required by FRCP 6(b)(1) and (2)…" (Doc. 267, PageID 1223).

Petitioner pled guilty, and in doing so, waived certain appellate rights under 18 U.S.C. § 3742. Notwithstanding the waiver of his rights, Petitioner has not shown cause and prejudice to excuse his failure to raise this claim previously nor has he argued he is "actually innocent." Accordingly, Petitioner has failed to meet the criteria outlined in *Ray* for collateral review.

Even assuming his claims were not procedurally barred, a motion to dismiss under Federal Rule of Criminal Procedure 6(b) is governed by 28 U.S.C. § 1867. § 1867(a) requires a motion to dismiss in a criminal case challenging compliance with grand jury selection procedures be brought before voir dire examination begins or within seven days after the defendant discovered or could have discovered the grounds for the motion, *whichever is earlier*. Because Petitioner has already been convicted, a motion to dismiss under Fed. R. Crim. P. 6 is untimely and thus, Petitioner would not be entitled to the relief he requests.

2. **Petition to Dismiss for Lack of Personam Jurisdiction, Lack of Standing "Habeas Corpus Relief" (Doc. 269)**

Petitioner argues this Court does not have jurisdiction over him because he is a citizen of the state of Ohio, rather than a United States citizen thereby entitling him to relief. In other words, Petitioner's claims are premised on the "sovereign citizen" theory. Similar arguments that a person is a sovereign citizen and not subject to the laws of the United States have uniformly been rejected as lacking any foundation in law. *United States v. Mundt*, 29 F. 3d 233, 237 (6th Cir. 1994). Accordingly, Petitioner is not entitled to relief under § 2255.

3. **Motion to Dismiss and Motion for Miscellaneous Relief (Doc. 286 and 288)**

Relative to these motions, Petitioner appears to request discovery related to alleged

3

ineffective assistance of trial counsel. His motion states that he requests "the unknown records that were withheld from Defendant and possible Defense Attorney's which was received after April 17, 2015…" (Doc. 286, PageID 1363). He also requests "proof of the area of land where the so called federal crime alleged to place…" (Doc. 288, PageId. 1372).

As the Sixth Circuit has explained:

> Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.' *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir.1997); *see also Stanford*, 266 F.3d at 460. 'Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact.' *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

*Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004). By Petitioner's own admission, the records he requests are "unknown" and in fact, he is unsure of whether such records exist. (*See generally* Docs. 286, 288). Accordingly, Petitioner's request amounts to nothing more than a fishing expedition and is without merit.

Liberally construing Petitioner's arguments, he also appears raise an ineffective assistance of counsel claim. For example, he argues his defense attorney failed to file all of the pretrial motions listed on the BOP-Criminal Defense Techniques. (Doc. 286, PageID 1362). Petitioner further argues defense counsel failed to investigate the Government's allegations against him. (Id. at PageID 1363). He argues he was therefore "induced into pleaing [sic] to a crime." (Id.).

First, Petitioner plead guilty. In doing so, and by failing to raise such a claim on direct appeal, he waived his claim that he did not enter a knowing, intelligent or voluntary guilty plea. *Bousley v. U.S.*, 523 U.S. 614, 621, 118 S.Ct. 1604, 1611 (1998). While a guilty plea generally bars most collateral attacks on a conviction, a petitioner may attack the voluntary and intelligent character of the guilty plea by showing that defense counsel was ineffective, but only if first challenged by way of direct appeal. *See id.* Because Petitioner failed to appeal, his claim for

4

ineffective assistance of counsel is procedurally barred unless he can overcome the high bar set forth in *Ray*.

Petitioner does not argue he is "actually innocent." However, as it relates to the second criteria in *Ray*, though not asserted by Petitioner, the Sixth Circuit has considered claims premised on the argument that a claim was not raised because of his counsel's ineffectiveness. *See e.g., Ray* 721 F.3d at 761 (considering a Fourth Amendment claim when the petitioner argued counsel's ineffective assistance excused his failure to previously assert it).

Even if the Court were to consider Petitioner's claim for ineffective assistance of counsel, it is without merit. To succeed on a claim for ineffective assistance of counsel, a petitioner must show both that counsel's performance was deficient and the deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). When determining whether a petitioner's Sixth Amendment right to effective assistance of counsel was violated, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

Petitioner does not specify which pretrial motions he thinks should have been filed, but regardless, Defense counsel is not required to file every pretrial motion available. Indeed, whether to file a particular motion can certainly be considered strategic. Here, Petitioner has not shown how Defense counsel's failure to pursue an unspecified motion rendered his counsel's representation below an objective standard of reasonableness. Nor has he explained how his defense counsel failed to investigate Petitioner's claims. Accordingly, to the extent Petitioner raises an ineffective assistance of counsel claim, it is without merit.

Because Petitioner has not shown that his counsel's performance fell below an objective standard of reasonableness, the Court finds it unnecessary to address the issue of prejudice. *See Strickland*, 466 U.S. at 694 (directing that courts needs not address both components of the inquiry "if the defendant makes an insufficient showing on one").

4. **§ 2255 Motion (Doc. 297)**

   A. **Motion to Appoint Counsel (Doc. 305)**

Petitioner requests counsel to assist with his § 2255 motion filed on August 16, 2016 (Doc. 297). There is no constitutional right to counsel in proceedings under § 2255. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). A petitioner who brings a habeas petition under § 2255 has a right to appointed counsel only when "the interest of justice so requires." 18 U.S.C. § 3006A(a)(2)(B). "Some of the factors the court should consider when making the decision to appoint counsel include the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004) (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838–39 (10th Cir.1985) (per curiam); *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir.) (en banc), *cert. denied*, 474 U.S. 1036, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985)).

Petitioner's § 2255 motion presents one single issue for the Court's consideration – that is, whether Amendment 794 requires a reduction in Petitioner's sentence. In addition, Petitioner provided the Court with a recent case in support of the issue, as well as additional supplemental authority (Doc. 304). Moreover, as discussed herein, Petitioner's claim is not viable. Therefore, the Court finds that the interest of justice does not require appointment of counsel in this case. Petitioner's Motion for Appointment of Counsel (Doc. 305) is therefore **DENIED**.

### B. Amendment 794

Petitioner argues he is entitled to a sentence reduction based upon Amendment 794 to the United States Sentencing Guidelines ("U.S.S.G.") relying on *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). U.S.S.G. § 3B1.2. The recent amendment has an effect on the sentencing guidelines for defendants having only a minor role in an offense. *See id.*

As explained above, a motion to vacate, pursuant to 28 U.S.C. § 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a § 2255 motion and will be considered procedurally barred. *Ray*, 721 F.3d at 761. Accordingly, sentencing challenges not made on direct appeal generally are waived and cannot be made for the first time in a § 2255 motion. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). If a claim could have been raised on direct appeal, the Court considers it for the first time in a § 2255 motion only if the petitioner shows: 1) cause and actual prejudice to excuse his failure to raise the claim previously; or 2) that he is "actually innocent" of the crime. *Ray*, 721 F.3d at 761 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998).

While Petitioner requested a sentence reduction, the applicability of Amendment 794 was not one of the grounds which formed the basis of his request. Moreover, following his sentence reduction, he did not appeal his conviction or further appeal his reduced sentence. Accordingly, Petitioner must show the existence one of the two circumstances outlined in *Ray*, which would oblige the Court to consider his claim for the first time in a § 2255 motion.

Petitioner does not argue he is "actually innocent" of the crime. Rather, he argues he is entitled to a sentence reduction based upon his minor role in the offense.

To warrant review, then, Petitioner must show cause and actual prejudice to excuse his failure to raise his claim previously. Petitioner was sentenced in 2012. Amendment 794 went

7

into effect on November 1, 2015. Accordingly, Plaintiff could not have raised his claim previously thereby, arguably, satisfying *Ray*. Nevertheless, Petitioner is not entitled to collateral relief, as he identifies no basis upon which his sentence may be reduced.

First, non-constitutional errors, such as applications of the sentencing guidelines, generally do not warrant collateral review. *See Sutton v. United States*, 85 F.3d 629, No. 95-6124, 1996 WL 233981, at *2-3 (6th Cir. May 7, 1996). In other words, the Court is generally required to use the Guidelines Manuel in effect on the date the defendant was sentenced. *See Dorsey v. United States*, 567 U.S. 260, 274, 132 S.Ct. 2321, 2332 (2012).

Second, Petitioner relies on *Quintero-Leyva* wherein the Ninth Circuit held that Amendment 794 applies retroactively on *direct appeal* – not collateral review. *Quintero-Leyva*, 823 F.3d at 523. Indeed, every court applying *Quintero-Leyva* has held that Amendment 794 is not retroactively applied on collateral review. *See e.g., Young v. United States*, 2016 U.S. Dist. LEXIS 112765, at *3–4 (C.D. Ill. Aug. 24, 2016); *see also United States v. Perez-Carrillo*, Nos. 7:14CR00050, 7:16CV81172, 2016 WL 4524246, at *2 (W.D. Va. Aug. 26, 2016)). Finally, U.S.S.G. §1B1.10 lists Guideline amendments that have been made retroactive on collateral review, and Amendment 794 is not listed. Consequently, Petitioner is not entitled to relief under Amendment 794.

## IV.   CONCLUSION

Pursuant to Title 28 U.S.C. § 2255, the Court finds that the motions, files, and records of this case conclusively show that Petitioner is not entitled to relief. Therefore, a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto. *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003). The claims raised are conclusively contradicted by the record and the well-settled law of the Sixth Circuit and the United

States Supreme Court. Consistent with the foregoing, Petitioner's motions (Docs. 267, 269, 286, 288, 297 and 305) are hereby **DENIED**. Additionally, his motions for status (Docs. 315, 322) are **DENIED AS MOOT.**

    **IT IS SO ORDERED.**

    s/*Michael R. Barrett*
    Michael R. Barrett
    United States District Judge